FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0393

DA 18-0393

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 63N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

QUINTON RAND SEDERDAHL,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-17-205(C)
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Danny Tenenbaum, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Michael P. Dougherty,
Assistant Attorney General, Helena, Montana

            Travis R. Ahner, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  February 3, 2021
Decided:  March 9, 2021

Filed:

                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Quinton Rand Sederdahl appeals from his February 8, 2018 conviction following a bench trial of the offense of Criminal Endangerment, a felony, under § 45-5-207(1), MCA. We affirm.

¶3     Around 1:00 a.m. on April 5, 2017, Flathead County Deputy Sheriff Mandi Perry (Perry) was on patrol driving northbound near Lakeside on what she described as a mountainous section of Highway 93 bounded by a rock wall on one side and a 300-foot embankment on the other. Perry observed an oncoming vehicle—driven by Quinton Rand Sederdahl (Sederdahl)—swerve from the southbound lane into her northbound lane, causing another northbound vehicle approximately 200 yards ahead of Perry to brake and swerve in response. Perry testified that she was not sure whether Sederdahl was distracted or intoxicated and could not rule out the possibility that Sederdahl might have been attempting to avoid wildlife. The oncoming vehicle then swerved into the northbound lane a second time, going far enough into Perry's lane that it kicked up dust on the shoulder of the northbound lane. Perry testified that she braked and "grabbed onto [the steering] wheel

and said a last prayer," believing that neither she nor the other driver would survive. Sederdahl swerved back across the road and continued south, missing Perry.

¶4 Perry testified that she had never been so frightened in her life and that she spent approximately thirty seconds—her voice shaking while radioing dispatch and trying to steady her hands to grab onto the steering wheel—attempting to compose herself before turning around to pursue the other driver. Perry caught up to Sederdahl and, though Sederdahl did not initially yield to Perry's lights, siren, and blasting airhorn, she was eventually able to conduct a traffic stop. After performing multiple field sobriety tests, Perry arrested Sederdahl, who was subsequently charged with Driving Under the Influence of Alcohol, a misdemeanor, in violation of § 61-8-401(1), MCA, and Criminal Endangerment, a felony, under § 45-5-207(1), MCA.

¶5 At the close of evidence during trial, Sederdahl moved for a judgment of acquittal on the Criminal Endangerment charge, arguing that the State had presented insufficient evidence to find that Sederdahl had acted knowingly. The District Court denied the motion. Sederdahl was found guilty on both charges. Sederdahl appeals the District Court's denial of his motion for acquittal for Criminal Endangerment.

¶6 This Court reviews the denial of a motion to dismiss for insufficient evidence de novo. *State v. Cybulski*, 2009 MT 70, ¶ 42, 349 Mont. 429, 204 P.3d 7 (citation omitted). We view the evidence in the light most favorable to the prosecution, determining whether there is sufficient evidence for a rational trier of fact to find the elements of the crime had been proven beyond a reasonable doubt. *Cybulski,* ¶ 42 (citation omitted).

3

¶7 On appeal, Sederdahl argues that the State failed to demonstrate that he had acted "knowingly." Under § 45-5-207(1), MCA, a person is guilty of Criminal Endangerment when the person "knowingly engages in conduct that creates a substantial risk of death or serious bodily injury to another." Furthermore, "[t]he existence of a mental state may be inferred from the acts of the accused and the facts and circumstances connected with the offense." Section 45-2-103(3), MCA. Moreover, lack of awareness because of voluntary intoxication may not be taken into account when considering whether a particular mental state exists under Montana's criminal codes. *Cybulski*, ¶ 43 (citing § 45-2-203, MCA).

¶8 Here, the State presented evidence that Sederdahl twice crossed in front of oncoming traffic on a road bounded by a wall and a steep embankment, causing Perry to believe that her death was imminent. A rational finder of fact could infer from these acts and the attendant circumstances that Sederdahl knew his actions would create a substantial risk of death or serious bodily injury to Perry or others. The most reasonable alternative, that Sederdahl did not know he was putting others in danger because he was intoxicated, is not a proper consideration under § 45-2-203, MCA.

¶9 Sederdahl points out that Perry was initially unsure if Sederdahl had swerved because he was intoxicated, merely distracted, or perhaps even trying to avoid deer. While it is certainly possible to imagine ways in which Sederdahl might have acted without the requisite intent, the evidence presented at trial, viewed in the light most favorable to the prosecution, could allow a rational trier of fact to conclude beyond a reasonable doubt that Sederdahl had indeed acted knowingly.

4

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE